# United States District Court
# District of Massachusetts

FEDERAL INSURANCE COMPANY,
    Plaintiff,

v.                               CIVIL ACTION NO. 2010-10220-NMG

BEST BUY COMPANY, INC.,
and SPIRIT DELIVERY, INC.,
    Defendants.

## *REPORT AND RECOMMENDATION THAT PENDING MOTIONS BE TERMINATED AND THAT CASE BE DISMISSED WITHOUT PREJUDICE FOR <u>LACK OF SUBJECT-MATTER JURISDICTION</u>*

COLLINGS, U.S.M.J.

    This is a subrogation case brought by the plaintiff, Federal Insurance Company, also known as Chubb ("plaintiff"), against the defendants, Best Buy

Company, Inc. ("Best Buy") and Spirit Delivery, Inc. ("Spirit").[1] The plaintiff claims that the defendants negligently installed a refrigerator at the home of the plaintiff's insureds, Brian and Karen Thurman, in Truro, Massachusetts. (#5 at 2-5) Less than three years after the installation, on or about September 5, 2009, the water line connected to the refrigerator cracked, causing significant water damage. (#5 at 3) The plaintiff paid the Thurmans more than $75,000 for repairs. (#5 at 3) Because the plaintiff brings only state law claims, the plaintiff invokes the diversity jurisdiction of this Court pursuant to 28 U.S.C. § 1332. (#5 at 2)

The plaintiff alleges that it is an Indiana corporation with its principal place of business in New Jersey. (#5 at 1) Best Buy is a Minnesota corporation with its principal place of business in that state. (#5 at 2) The plaintiff alleges that Spirit is a Massachusetts corporation with its principal place of business in that state. (#5 at 2) On May 14, 2010, Spirit admitted in its answer that it is a Massachusetts corporation with its principal place of business in that state. (#15 at 2)

However, Spirit stated on October 13, 2010 that it "is a corporation duly

---

[1] Spirit states that its correct full name is Spirit Distribution & Delivery Services, Inc. (#39 at 1)

organized by law and has a regular place of business ... [in] New Jersey ...." (#28 at 2) Spirit made that statement in the third-party complaint that it jointly filed with Best Buy against Porto Delivery and Distribution Services ("Porto").[2] Best Buy then filed a motion for summary judgment to which it appended a contract signed by Best Buy and Spirit in 2005. The contract refers to Spirit as "a New Jersey corporation, with offices ... [in] New Jersey ...." (#44 Exhibit D) The contract provides that notices pertaining to the contract are to be delivered to Spirit's president, William P. Grieco, in New Jersey. (#44 Exhibit D at 9) Attached to the contract is a letter from Best Buy to Grieco dated July 30, 2007 and bearing a New Jersey delivery address.

Diversity jurisdiction requires the matter in controversy to be between citizens of different states. 28 U.S.C. § 1332(a). "[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated and of the State ... where it has its principal place of business ...." 28 U.S.C. § 1332 (c)(1); *see also* 15 James Wm. Moore et al., Moore's Federal Practice § 102.50 (3d ed. 2011). The complete diversity rule of *Strawbridge v. Curtiss*, 7 U.S. (3

---

[2] It is to be noted that the contradictory allegations in the two pleadings filed by Spirit, i.e. ##15 and 28, on the question of its citizenship were made by the same law firm representing Spirit, albeit by different attorneys.

Cranch) 267 (1806) requires all plaintiffs to be citizens of different states from all defendants. *See Alvarez-Torres v. Ryder Memorial Hospital, Inc.*, 582 F.3d 47, 53-54 (1 Cir., 2009).

In the instant case, the plaintiff asserted that its principal place of business is in New Jersey. Spirit admitted that it is incorporated in Massachusetts and has its principal place of business there, but it later suggested in its third-party complaint that it is based in New Jersey. The contract between Best Buy and Spirit states that Spirit is a New Jersey corporation and that the office of its president is located there.

Although the parties did not raise this issue, "a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1 Cir., 2004). The court must "make every effort to determine whether a party has been insinuated into an action in order to allow the litigants artificially to invoke the court's jurisdiction." *Id*. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Accordingly, the Court directed the parties to show cause why the case should not be dismissed for lack of subject-matter jurisdiction. *See* #52. The

plaintiff responded that upon further investigation, "...the Court's notation that Spirit Delivery represents a New Jersey company appears accurate." *See* #53. The defendants have not responded to the Order to Show Cause.

Therefore, I RECOMMEND that the pending motions for summary judgment (##39 & 42) be TERMINATED and that the case be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1 Cir.,

1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Robert B. Collings

ROBERT B. COLLINGS

United States Magistrate Judge

February 9, 2012.